UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ROBERT MOORE, III,

                                    Petitioner,

                                                        Case # 21-CV-6760-FPG
v.                                                      ORDER


SUPERINTENDENT C. YEHL,

                                    Respondent.


## INTRODUCTION

Pursuant to 28 U.S.C. § 2254, *pro se* Petitioner Robert Moore, III, brings this habeas petition to challenge his state-court convictions.  ECF No. 1.  Acknowledging that he has filed a so-called "mixed" petition—consisting of both exhausted claims and an unexhausted claim—Petitioner requests a stay of these proceedings so that he can fully litigate the pending unexhausted claim in state court.  ECF No. 1 at 7; ECF No. 2 at 1-4.  Respondent opposes a stay.  ECF No. 8. For the reasons that follow, Petitioner's request for a stay is DENIED, and Petitioner shall submit a response to the Court as set forth below.

## DISCUSSION

In September 2015, Petitioner was convicted of second-degree manslaughter, second-degree murder, first-degree attempted robbery, second-degree criminal possession of a weapon, and criminal possession of a firearm.  ECF No. 16-2 at 32.  Petitioner appealed his convictions. On July 24, 2020, the Appellate Division, Fourth Department, affirmed.  *People v. Moore*, 127 N.Y.S.3d 685 (4th Dep't 2020) [*Moore I*], and on September 29, 2020, the Court of Appeals denied leave to appeal.  *People v. Moore*, 35 N.Y.3d 1096 (2020) [*Moore II*].

Petitioner filed the present action in December 2021.  ECF No. 1.  In his petition, Petitioner alleges, *inter alia*, that police illegally obtained his confession through the use of an informant.  *Id.* at 7.  At various times, he frames this claim as a (a) substantive violation of his Fifth, Sixth, and Fourteenth Amendment rights, *id.*; (b) an instance of his trial counsel's ineffective assistance of counsel, ECF No. 2 at 2-4; and (c) an instance of his appellate counsel's ineffective assistance, *id.* at 2; ECF No. 1 at 7.  At the time he filed the petition, Petitioner recognized that he had not exhausted this claim.  *See* ECF No. 1 at 7.  After he filed the petition, on April 14, 2022, Petitioner filed a writ of error *coram nobis* with the Fourth Department.  *See* ECF No. 10 at 3.  Therein, he asks the Fourth Department to set aside his convictions "on the ground that appointed appellate counsel neglected to brief a meritorious issue"—namely, that "trial counsel demonstrated plain error" in failing to pursue the illegal-confession claim.  *Id.* at 5-7.

28 U.S.C. § 2254(b)(1)(A) "requires a habeas petitioner to first exhaust his state court remedies with respect to each of the grounds raised in the petition."  *Mejia v. New York*, No. 17-CV-6362, 2017 WL 3085843, at *1 (W.D.N.Y. July 20, 2017).  As a result, a district court generally "may not adjudicate a 'mixed petition,' consisting of both exhausted and unexhausted claims."  *Id*; *see also Goupil v. Graham*, No. 14-CV-709, 2018 WL 1367333, at *2 (W.D.N.Y. Mar. 17, 2018).  There are four ways to dispose of a mixed petition:

> (1) [the court may] deny the petition on the merits where the claims are clearly meritless; (2) [the court may] allow a petitioner to omit the unexhausted claim[s] and proceed with the exhausted claim[s]; (3) [the court may] dismiss the petition in its entirety without prejudice; or (4) under very limited circumstances, the court may stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims.

*Terraine v. Lee*, No. 15-CV-5354, 2016 WL 160722, at *2 (E.D.N.Y. Jan. 13, 2016) (internal quotation marks omitted).  Each option presents its own considerations.

The first option is appropriate only where the unexhausted claim facially lacks merit.  *See Wesla-Rosa v. Kaplan*, 274 F. Supp. 3d 126, 129 (E.D.N.Y. 2017).

The second option allows a petitioner to withdraw his unexhausted claims and proceed on his exhausted claims.  This can be an expeditious way to resolve the exhaustion problem, but "[t]he effect of such withdrawal may be that petitioner will not be permitted to raise the withdrawn grounds in a second or successive habeas petition."  *Graham*, 2018 WL 1367333, at *2; *see also* 28 U.S.C. § 2244(b)(2).

The third option is that the entire petition may be dismissed without prejudice, in which case the petitioner would be free to raise all of his claims in another petition once he has exhausted his state remedies.  Importantly, the subsequent petition "would not be considered a second petition for purposes of 28 U.S.C. § 2244(b)."  *Graham*, 2018 WL 1367333, at *2.  If that option is selected, however, the petitioner must keep in mind that there is a one-year statute of limitations for federal habeas petitions.  28 U.S.C. § 2244(d)(1).  That limitations period is tolled for any period "during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment . . . is pending."  *Id.* § 2244(d)(2).  Consequently, a petitioner whose petition is dismissed without prejudice so that he can exhaust his claims "may be foreclosed from coming back to federal court for habeas relief by the statute of limitations."  *Graham*, 2018 WL 1367333, at *2.

Finally, as a fourth option, the Court may stay the petition while the petitioner litigates the unexhausted claims in state court.  "A court may only issue a stay when: (1) petitioner has not engaged in any intentionally dilatory litigation tactics; (2) there is good cause for the petitioner's failure to exhaust the unexhausted claims in state court before bringing a federal habeas petition;

and (3) the unexhausted claims are not plainly meritless." *Terraine*, 2016 WL 160722, at *2 (internal quotation marks omitted).

The Court concludes that neither the first nor fourth options—dismissal on the merits and a stay, respectively—are appropriate under the circumstances. As to the first option, it would be premature to pass on Petitioner's unexhausted claim of ineffective assistance of appellate counsel. Such claims are usually fact-sensitive, *see generally Smith v. Robbins*, 528 U.S. 259 (2000), and are best evaluated with a fully developed record and, in particular, an explanation from appellate counsel concerning his actions. *See, e.g.*, *Ramchair v. Conway*, 335 F. App'x 122, 123-24 (2d Cir. 2009) (summary order). Because the record before the Court does not contain such evidence, the Court cannot conclude that Petitioner's claims are unquestionably meritless, and so dismissal on the merits is improper.

As to the fourth option, Petitioner has not demonstrated the good cause necessary to warrant a stay. Petitioner's appellate counsel filed the allegedly defective appellate brief on January 23, 2020. *See* ECF No. 16-2 at 1. After the Fourth Department affirmed the convictions, the Court of Appeals denied Petitioner's request for leave to appeal on September 29, 2020. *See Moore II*, 35 N.Y.3d at 1096. Petitioner did not file his *coram nobis* motion until April 14, 2022. ECF No. 10 at 3. Thus, Petitioner waited nearly nineteen months from the denial of his request for leave to appeal, and nearly twenty-seven months from the filing of the defective appellate brief, to seek relief via a writ of error *coram nobis*. In none of his filings does Petitioner offer any explanation or excuse as to why he waited so long to take action. *See* ECF No. 1 at 7; ECF No. 2; ECF No. 10.

The absence of any explanation or excuse for Petitioner's delay—and therefore, the absence of any putative good cause for his failure to exhaust—is "fatal to Petitioner's ability" to

obtain a stay. *Carr v. Graham*, 27 F. Supp. 3d 363, 365 (W.D.N.Y. 2014); *see also Rhines v. Weber*, 544 U.S. 269, 277 (2005) ("[S]tay and abeyance is *only* appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." (emphasis added); *Acevedo v. Lempke*, No. 10-CV-5285, 2011 WL 2623388, at *2 (S.D.N.Y. July 1, 2011) (collecting cases and noting that "courts have routinely denied applications to stay consideration of a habeas corpus petition" where "a habeas petitioner offers no explanation for the delay in attempting to exhaust unexhausted claims"). Accordingly, the fourth option—stay and abeyance—is unavailable to Petitioner.

That leaves the second and third options: Petitioner could either withdraw his unexhausted claims and proceed with his exhausted claims, or the Court could dismiss the entire petition without prejudice to refiling upon the completion of the state-court proceedings. The former option would require Petitioner to abandon some of his claims, while the latter option presents the risk that, if Petitioner fails to timely refile his petition, all of his claims will be barred by the statute of limitations.[1]

Under these circumstances, the Court will allow Petitioner to decide how he wishes to proceed. *Accord Mejia*, 2017 WL 3085843, at *3. Therefore, by **August 22, 2022**, Petitioner shall inform the Court in writing whether he elects to have the Court dismiss his entire petition without prejudice, or whether he elects to withdraw his unexhausted claims and proceed with his exhausted claims. The Court cautions Petitioner that a one-year limitations period applies to § 2254 petitions, *see* 28 U.S.C. § 2244(d), and may bar any subsequent petition if Petitioner fails to file it in a timely manner after the resolution of his pending state-court proceedings. *See id.* § 2244(d)(2) (stating

---

[1] That risk is particularly salient here. It appears that nearly one year elapsed between the expiration of direct review (December 28, 2020) and the filing of the present petition (December 20, 2021). *See* ECF No. 1 at 9; ECF No. 16-2 at 135.

that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation").  If Petitioner does not notify the Court by **August 22, 2022**, as set forth above, the Court will dismiss the entire petition without prejudice.

## CONCLUSION

Petitioner's request for a stay (ECF No. 2) is DENIED.  By **August 22, 2022**, Petitioner shall inform the Court in writing whether he elects to have the Court dismiss his entire petition without prejudice, or whether he elects to withdraw his unexhausted claims and proceed with his exhausted claims.  If Petitioner does not notify the Court by **August 22, 2022** as set forth above, the Court will dismiss the entire petition without prejudice.

IT IS SO ORDERED.

Dated: August 2, 2022
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York