UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ROBERT MOORE, III,

                              Petitioner,

                                                    Case # 21-CV-6760-FPG
v.                                                  ORDER

SUPERINTENDENT C. YEHL,

                              Respondent.

On August 2, 2022, the Court directed Petitioner to choose one of two options: he could either withdraw his unexhausted claims and proceed with his exhausted claims, or the Court could dismiss the entire petition without prejudice to refiling upon the completion of the state-court proceedings. ECF No. 19 at 5. On August 22, 2022, Petitioner submitted a response, indicating that he chooses to withdraw the unexhausted claims "to allow full consideration of those issues . . . which are ripe for federal litigation." ECF No. 20 at 1.

However, Petitioner also responds to the Court's prior conclusion that a stay is not justified because he "has not demonstrated the good cause necessary to warrant a stay." ECF No. 19 at 4. Petitioner asserts a number of previously undisclosed reasons that "good cause" exists in his case. For the sake of completeness, and in light of Petitioner's *pro se* status, the Court will address those reasons.

As the Court discussed in the prior order, where a petitioner presents a "mixed" habeas petition consisting of exhausted and unexhausted claims, a district court may stay the petition while the petitioner litigates the unexhausted claims in state court. But "[a] court may only issue a stay when: (1) petitioner has not engaged in any intentionally dilatory litigation tactics; (2) there is good cause for the petitioner's failure to exhaust the unexhausted claims in state court before

1

bringing a federal habeas petition; and (3) the unexhausted claims are not plainly meritless." *Terraine*, 2016 WL 160722, at *2 (internal quotation marks omitted).  Petitioner now argues that he can demonstrate good cause for his failure to exhaust.

Petitioner alleges that, for the last two years, he has suffered from Crohn's disease and ulcerative colitis.  These conditions are "debilitating," cause him "severe fatigue," and require medical treatment "outside the Facility every few months."  ECF No. 20 at 2.  Petitioner states that he is unable to eat food "most days" and has lost over 40 pounds.  These medical conditions "have had a substantial impact on [P]etitioner's ability to read, let alone, to draft documents."  *Id.* Petitioner relies wholly on the "single law clerk in the facility" to assist him with his legal matters, and that clerk has been "sorely taxed" due to the volume of work he performs for Petitioner and others.  *Id.*  In addition, the COVID-19 pandemic has caused his facility to severely limit his access to the law library and to the law clerk.  *Id.*  In February 2022, Petitioner contracted the virus, leading to a two-week quarantine that prevented him from completing and mailing his *coram nobis* motion.[1]

These considerations do not amount to good cause.  Petitioner's direct appeal was complete as of September 29, 2020, when the Court of Appeals denied leave to appeal.  *People v. Moore*, 35 N.Y.3d 1096 (2020).    Petitioner did not file the present action until December 2021, approximately fifteen months later.  ECF No. 1.  It was not until nearly four months later, on April 14, 2022, that Petitioner filed a writ of error *coram nobis* relating to his unexhausted claims.  *See* ECF No. 10 at 3.  Thus, "Petitioner waited nearly nineteen months from the denial of his request for leave to appeal . . . to seek relief via a writ of error *coram nobis*."  ECF No. 19 at 4.

---

[1] More generally, Petitioner argues it would be unfair "to extinguish issues which might have merit . . . merely because [P]etitioner failed to exhaust his claims properly."  ECF No. 20 at 3.  Regardless of fairness, 28 U.S.C. § 2254(b)(1)(A) unequivocally "requires a habeas petitioner to first exhaust his state court remedies with respect to each of the grounds raised in the petition."  *Mejia v. New York*, No. 17-CV-6362, 2017 WL 3085843, at *1 (W.D.N.Y. July 20, 2017).

The Court may accept, for present purposes, Petitioner's claims about his medical conditions, his lack of access to the law clerk and law library, and his quarantine.  However, despite all of the obstacles that Petitioner identifies, he proved himself capable of filing a timely habeas petition, complete with exhibits, as well as a motion to stay.  *See* ECF Nos. 1, 2.  If those obstacles did not prevent Petitioner from timely pursuing habeas relief, the Court fails to see how they could have prevented Petitioner from pursuing his writ of error *coram nobis* in a more timely manner.  Petitioner offers no explanation for that discrepancy.  *See, e.g.*, *LaRosa v. Kirkpatrixk*, No. 15-CV-7008, at *12 n.6 (E.D.N.Y. Mar. 31, 2019); *Banks v. Holbrook*, No. EDCV 21-51, 2021 WL 4595769, at *8 (C.D. Cal. Aug., 5, 2021) (rejecting claim that "prison's COVID-19 protocols" prevented petitioner from exhausting claim in state court, since petitioner "was able to file his Petition in [Federal] Court"); *Hopkins v. State*, No. EDCV 14-28, , 2014 WL 12968121, at *4 (C.D. Cal. Oct. 22, 2014) (petitioner's "sleep apnea and [] medication" did not constitute good cause, where petitioner was able to submit other filings in state court but did not pursue his unexhausted claims).

Accordingly, the Court reaffirms its decision denying Petitioner's request for a stay.  Pursuant to Petitioner's choice, the Court deems his unexhausted claims withdrawn.  *See* ECF No. 20 at 1.  If he wishes to do so, Petitioner may file a reply brief on the merits of his petition by September 21, 2022.  The Court will then take the matter under advisement.

IT IS SO ORDERED.

Dated: August 26, 2022
     Rochester, New York

 

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York